# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SPARK DSO, LLC, as Assignee of SPARK ORTHODONTICS, PLLC, f/k/a SPARK ORTHODONTICS, P.C.** : | CIVIL ACTION |
| v. : | NO. 21-2841 |
| **ORMCO CORPORATION** : | |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                              **MARCH 2, 2022**

### INTRODUCTION

Plaintiff brought this action, claiming that Defendant Ormco Corporation's ("Ormco") use of the mark "SPARK" in connection with the manufacture, marketing and sale of its orthodontic teeth aligners ("Spark Clear Aligner System") infringes on Plaintiff's federally-registered trademark "SPARK ORTHODONTICS." Plaintiff has asserted claims under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for trademark infringement and unfair or deceptive acts or practices under the common laws of the Commonwealth of Pennsylvania (54 Pa.Cons.Stat.Ann. § 1126 and 73 Pa.Cons.Stat. § 201-2(4)). Presently before the Court is the motion of the Plaintiff for a preliminary injunction. For the reasons that follow, the motion is denied.

### PROCEDURAL HISTORY

On June 24, 2014, the United States Patent and Trademark Office ("USPTO") registered for Spark Orthodontics, PLLC, f/k/a Spark Orthodontics, P.C. the trademark

"Spark Orthodontics" for use in connection with orthodontic services.[1] Am. Compl. at ¶ 10; [ECF 10-4, Ex. 1]. At the current time, Plaintiff's use of its mark is limited to its locations within the Commonwealth of Pennsylvania.

On January 18, 2018, Ormco filed an application with the USPTO to register the trademark "Spark" for use in connection with teeth aligners. *Id*. at ¶15; [ECF 10-4, Ex. 3].

On April 30, 2018, the USPTO issued an Office Action which refused registration of Ormco's "Spark" mark under 15 U.S.C.§ 1052(d) based on a likelihood of confusion with Plaintiff's trademark of "Spark Orthodontics." *Id*. at ¶16.

On October 24, 2018, Ormco filed a response to the Office Action in which it argued that "…the products and services are offered to different classes of consumers" and, "…the goods and services are rendered to different classes of consumers. Applicant's goods will be sold solely to orthodontist's and dentist's offices. Whereas the Cited Mark's services are marketed and sold to general consumers seeking orthodontic services." *Id*. at ¶17.

On November 15, 2018, the USPTO examining attorney rejected Ormco's arguments and on November 15, 2018, issued a final Office Action refusing registration for the "Spark" mark under 15 U.S.C. §1052(d) based on a likelihood of confusion with Plaintiff's trademark of "Spark Orthodontics." *Id*. at ¶19.

In early January 2019, Plaintiff became aware that Ormco had just initiated commercialization of products under the "Spark" mark.  On January 24, 2019, Plaintiff sent a "cease-and-desist letter" to Ormco, "expressing concern that the use of

---

[1] On April 19, 2021, Spark Orthodontics, PLLC, f/k/a Spark Orthodontics, P.C. assigned the entire interest and goodwill of the trademark to Spark DSO, LLC.

Defendant's Mark with Defendant's Goods may create a likelihood of confusion." *Id*. at ¶ 20; [ECF 10-4, Ex. 6]. At the current time, Ormco is advertising the "Spark Clear Aligner System" nationwide.

The Amended Complaint alleges that on January 31, 2019, Ormco contacted the USPTO examining attorney, after which Ormco's Application was approved without explanation. *Id*. at ¶ 21.

On February 6, 2019, Ormco responded to Plaintiff's cease-and-desist letter by citing the fact that the USPTO had recently allowed Ormco's Application despite its previous two denials. *Id*. at ¶ 22.

On March 26, 2019, the Application for Ormco's Mark was published for opposition in the Official Gazette. *Id*. at ¶ 23. On April 17, 2019, Plaintiff timely filed a request for a 90-day extension of time to oppose. *Id*. at ¶ 24. That request was granted. *Id*.

The Amended Complaint alleges that on May 2, 2019 and May 10, 2019, Plaintiff's counsel attempted to resolve the issue of likelihood of confusion with Ormco's counsel. *Id*. at ¶ 31.

On July 22, 2019, Plaintiff filed a notice of opposition to the Application for Ormco's "Spark" mark with the USPTO's Trademark Trial and Appeal Board ("TTAB") in an attempt to cancel Ormco's "Spark" mark. *Id*. at ¶ 25;[ECF 10-4, Ex. 5].[2]

Plaintiff did not file its original complaint in this action until June 25, 2021.

---

[2] The TTAB proceeding has been stayed at Plaintiff's request, pending the outcome of this action.

Plaintiff alleges that in contradiction to its representations it made to the USPTO, Ormco continues to aggressively target consumers such as patients with its advertising. *Id*. at ¶ 34.

The Amended Complaint further alleges that "Defendant's conduct is likely to cause and, upon information and belief, has caused customers to believe mistakenly that infringing products are either affiliated with, endorsed by, authorized by, or somehow connected to Plaintiff and circumvent Plaintiff's registered Trademark." *Id*. at ¶ 38.

Finally, the Amended Complaint alleges that "Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law." *Id*. at ¶ 39.

**PRELIMINARY INJUNCTION STANDARD**

A "[p]reliminary injuncti[on] ... is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiff bears the burden of establishing it is "likely to succeed on the merits ...[,] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

The first two factors are "gateway factors" and are "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017). If these

gateway factors are met, a court then considers the remaining two factors. *Id*. "A plaintiff's failure to establish any element in [its] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

With regard to injunctions in trademark cases, the Trademark Modernization Act of 2020 provides, in pertinent part, that "[a] plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. § 1116(a) (effective December 18, 2021).

Even assuming, *arguendo,* that Plaintiff can establish a likelihood of success on the merits and therefore is entitled to the benefit of a rebuttable presumption of irreparable harm, the Court finds that Ormco has successfully rebutted the presumption afforded to Plaintiff and, therefore, Plaintiff has not satisfied the gateway factor of demonstrating irreparable harm.[3]

"Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill," and "can also be based upon the possibility of confusion." *Pappan*

---

[3] Both the Eighth Circuit Court of Appeals and the Federal Circuit Court of Appeals as well as courts in this district have found that a "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis,* 346 F.3d 841, 844 (8th Cir.2003); *see also Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506–07, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *cf. Polymer Techs., Inc. v. Bridwell,* 103 F.3d 970, 974 (Fed.Cir.1996) (reviewing an appeal of a district court's order denying a preliminary injunction and holding that "a trial court need not make a finding on a movant's likelihood of success on the merits if it affords the movant the benefit of the presumption of irreparable harm and properly finds that presumption rebutted by the non-movant"); *Pallante v. Those Certain Underwriters at Lloyd's, London,* 311 F. Supp. 3d 692, 694 (E.D. Pa. 2018); *Chestnut Hill v. Apple Inc.*, 2015 WL 6870037 at *2 (D. Del. November 6, 2015); *Echols v. Arthur Pelullo & Banner Promotions, Inc.*, 2003 WL 1797950 at * 3 (E.D. Pa. April 3, 2003).

*Enterprises, Inc. v. Hardee's Food Systems, Inc.,* 143 F.3d 800, 805 (3d Cir. 1998). The injury must constitute "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotation marks and citation omitted). The preliminary injunction "must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989). The risk of harm must not only be irreparable but also imminent. *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) *ECRI v. McGraw–Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987). In order to be imminent, the injury cannot be remote or speculative; it must be poised to occur before the District Court can hold a trial on the merits. *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263-64 (3d Cir. 2000).

### DISCUSSION

In arguing that it will suffer irreparable harm if a preliminary injunction is not issued, Plaintiff rests entirely on the rebuttable presumption to which it is entitled under 15 U.S.C.§ 1116(a).

Ormco attempts to rebut Plaintiff's presumption by arguing that Plaintiff did not seek injunctive relief until nearly 31 months after sending the January 24, 2019 cease-and-desist letter to Ormco. See Am. Compl. ¶ 18; Opp. to Spark's Mot. for Preliminary Injunction (ECF 16-2) at 1, 6. Ormco further points out that even after Plaintiff filed the Complaint in this action on June 25, 2021, Plaintiff waited approximately two and one-half months before it filed its motion for preliminary injunction on September 8, 2021 [ECF 10.] See *Tillery v. Leonard & Sciolla, LLP*, 437 F. Supp. 2d 312, 329 (finding no

irreparable harm where plaintiff's motion for a preliminary injunction was filed almost three months after his complaint.)

Ormco further noted that Plaintiff's motion for a preliminary injunction is Plaintiff's first effort to stop Ormco's actual **use** of its "Spark" mark from occurring. *Beasley v. Howard*, 14 F. 4th 226, 234 (3d Cir. 2021). ("[T]he TTAB has no jurisdiction to consider whether an infringer's use of a mark damages a petitioner seeking cancellation.")

Plaintiff responds that it was engaged in global settlement discussions with Ormco during the majority of the 31-month period and during that period it also initiated an opposition proceeding before the TTAB. Compl., Ex. B,

While the Court recognizes that our Court of Appeals has stated that "negotiations between the parties" may excuse a delay in seeking a preliminary injunction, see e.g. *Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C.*, 212 F. 3d 157, 161 (3d Cir. 2000), other than Plaintiff's allegations in the Amended Complaint that on May 2, 2019 and May 10, 2019, Plaintiff's counsel attempted to resolve the issue of likelihood of confusion with Ormco's counsel (Am. Compl. at ¶ 31) , Plaintiff has not provided any documentation of any global settlement discussions. Indeed, Magistrate Judge Rice, to whom the case was referred for settlement, reported to the Court after just one settlement conference on October 11, 2021 (which occurred over two years after Plaintiff alleges that it first broached settlement discussions with Ormco) that the parties were so far apart that it did not make any sense for him to be involved any further.[4]

---

[4] The Court notes that Judge Rice also cited the 31-month delay in denying Plaintiff's motion for expedited discovery "in aid of the motion for preliminary injunction" on October 25, 2021. [ECF 32.] Judge Rice also noted that Plaintiff "delayed its demand for expedited discovery for approximately 97 days

While the Court further recognizes that a pending administrative proceeding such as the one Plaintiff instituted before the TTAB on July 22, 2019 may also excuse a delay in moving for a preliminary injunction in federal court, *see e.g. Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F. 3d 700, 727 (3d Cir. 2002), the Court notes that Plaintiff still waited for nearly two full years before filing its original complaint in this action on June 25, 2021 and nearly an additional three months before it moved for a preliminary injunction on September 8, 2021. The fact that Plaintiff allowed so much time to pass before instituting this suit and moving for a preliminary injunction clearly rebuts the presumption that it will suffer any irreparable harm in the absence of a preliminary injunction.

In addition, as Ormco points out, Plaintiff has not attempted to introduce evidence such as testimony or declarations attesting to the damage to goodwill, potential for lost customers, or other harm that may reasonably occur, and explaining why that harm cannot be remedied with a monetary award.

Indeed, the testimony from Plaintiff's own 30(b)(6) corporate designee, its Managing Member, Dr. Jason Hartman indicates that Plaintiff will not suffer any irreparable harm. For instance, in response to being asked whether Spark Orthodontics had seen any perceptible impact on its business that it attributes to Ormco Spark Clear Aligners, Dr. Hartman responded, "I don't really know, but I would say no." ECF 17-5 Ex. 1 at 122-123. He also testified that Plaintiff's revenues have actually increased every year that Ormco's Spark Clear Aligners have been on the market, starting with

---

following its filing of the instant complaint, 22 days following its filing for injunctive relief, and six days following ORMCO's filing of its brief in opposition to the motion for injunctive relief." [*Id*. at 3.]

$15.3 million in 2018, increasing to $17.1 million in 2019, increasing to $17.5 million in 2020 and on pace for between 17 and 18 million in 2021. *Id*. at 22. In fact, Dr. Hartman testified that Plaintiff was doing so well that it attracted a private equity investor. *Id*. at 18-19. This sworn testimony proves that despite the co-existence of the two parties' brands in Pennsylvania for over two years, Plaintiff is not suffering any harm to its business as a result of Ormco's Spark Clear Aligners much less harm that that is imminent and irreparable.

Although Dr. Hartman submitted an unsworn "Verified Statement" [ECF 10-5] on September 7, 2021, several months after he testified at his deposition, in which he states, *inter alia*, that "Ormco's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Spark and to its valuable reputation and goodwill with the consuming public for which Spark has no adequate remedy at law" this statement is nothing more than an bald and conclusory assertion that contradicts his earlier sworn testimony. *See Instant Air Freight Co.* 882 F.2d at 802 (3d Cir. 1989) (finding statements unsupported by financial statements or projections inadequate in proving irreparable harm).

**CONCLUSION**

In short, the Court finds that assuming, *arguendo*, that Plaintiff can demonstrate a likelihood of success on the merits which entitles Plaintiff to a rebuttable presumption of irreparable harm, Ormco has wholly rebutted the presumption of irreparable harm. Ormco has done so by showing that Plaintiff has unreasonably delayed in bringing this action and a motion for a preliminary injunction and that Plaintiff will not suffer actual or

imminent harm from Ormco's sale of its Spark Clear Aligners which cannot otherwise be compensated by money damages. Having failed to satisfy one of the two gateway factors for a preliminary injunction, Plaintiff is not entitled to a preliminary injunction.